940 F.2d 678
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clyde P. HOUSE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3230.
 United States Court of Appeals, Federal Circuit.
 July 30, 1991.
 
 Before NIES, Chief Judge, and PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Clyde P. House appeals from the decision of the Merit Systems Protection Board (MSPB) in House v. Office of Personnel Management, No. AT831M8910848-1 (June 27, 1990) (petition for review denied Feb. 15, 1991). The MSPB decision affirmed the Office of Personnel Management's (OPM's) denial of House's request to waive his overpayment in annuity benefits. We affirm.
 
 OPINION
 
 2
 In March 1989, the OPM informed House that he had been overpaid by $6,884.00 due to a delayed adjustment in his civil service retirement annuity. House was not at all responsible for the delay or overpayment. The OPM proposed to recover the overpayment over 36 months, at $191.22 per month.
 
 
 3
 House objected. On reconsideration, the OPM found that House had not established that recovery would create a financial hardship such that recovery would be deemed "against equity and good conscience." Therefore, House was not entitled to a waiver of the recovery. See 5 U.S.C. Sec. 8346(b) (1988). However, the OPM concluded that House had established that collection at the proposed rate would result in financial hardship, and reduced the collection rate to about $96.00 per month, for 72 months. The OPM confirmed the decision in a letter noting House's submission of a Financial Resources Questionnaire which included his assertion that he could pay $100.00 per month toward recovery of the overpayment. House appealed to the MSPB, which affirmed the OPM's decision.
 
 
 4
 When reviewing a decision of the MSPB, this court must affirm that decision unless it is found to be:
 
 
 5
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 7
 3) unsupported by substantial evidence.
 
 
 8
 See 5 U.S.C. Sec. 7703(c) (1988); Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984). In light of our standard of review, we must affirm the MSPB decision.